UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID GUNNAR CARLSON and )
NORMA JEAN CARLSON, Co-Trustees )
of the John DeVries Trust and Co-Personal )
Representatives of the Estate of John )
DeVries, Deceased, )
      Plaintiffs, )
  ) No. 1:13-cv-515
-v- )
  ) HONORABLE PAUL L. MALONEY
CALVARY BAPTIST CHURCH OF MUSKEGON, )
a/k/a CALVARY CHURCH, Davis S. Sandison, )
Registered Agent, CALVARY CHURCH AND )
CHRISTIAN SCHOOL, a/k/a CALVARY )
BAPTIST ACADEMY, DR. JEFF ZEHR, Board )
President, and WILLIAM J. RUDD, )
Individually and as Senior Pastor/President, )
      Defendants. )
_____)

## ORDER OF REMAND

On May 10, 2013, Calvary Church and Christian School ("School") filed a notice of removing this lawsuit from the Probate Court for Muskegon County, Michigan. (ECF No. 1 "Notice.") The School asserts federal jurisdiction under 28 U.S.C. § 1331.

### BACKGROUND

Plaintiffs David and Norma Jean Carlson ("Plaintiffs") filed the underlying complaint in August 2012. (ECF No. 1-4 PgID 319-324.) Plaintiffs asserted certain donations made in 1999 were not being used for their intended purpose. Plaintiffs also sought, and were granted, a temporary restraining order. The complaint alleged three state-law claims: promissory estoppel, breach of agreement, and breach of fiduciary duty. Defendant Calvary Baptist Church ("Church") filed a motion for summary disposition asserting that Plaintiffs lacked standing and the court lacked subject-matter jurisdiction. (ECF No. 1-4 PgID 265-274.) Plaintiffs filed a response to the motion.

(ECF No. 1-3 PgID 80-87.) On January 8, 2013, the Probate Court noticed a hearing on the motion for February 15, 2013. (ECF No. 1-3 PgID 77.) On March 15, 2013, the Probate Court issued an order denying the motion. (ECF No. 1-3 PgID 25-28.)

The Church filed a motion for reconsideration. The motion and supporting brief are not included in the documents filed with this Court. The Church also filed a supplemental brief in support of its motion for reconsideration. (ECF No. 1-3 PgID 13-23.) The record does not reflect whether Plaintiffs filed a response. On April 25, 2013, The Probate Court partially granted the motion for reconsideration, "concerning the sole issue of whether Calvary Christian Schools, Inc., is following the doctrinal principles of the Baptist faith tradition." (ECF No. 1-2 PgID 11.) The order gave the parties 120 days to complete discovery on the issue and another 45 days to file pleadings. (*Id.*)

## ANALYSIS

"As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). "Unlike state trial courts, [federal courts] do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex. rel. Skaggs v. Brunner*, 549 F.3d 486, 474 (6th Cir. 2008). Federal courts have an obligation to examine whether they have subject matter jurisdiction over an action. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case."). When an action is removed from state court, a federal court must consider whether it has subject-matter jurisdiction. *See Probus v. Charter Commc'ns, LLC*, 234 F.App'x 404, 406 (6th Cir. 2007)

("Therefore, despite Probus's failure to move to remand, the district court should have *sua sponte* addressed the issue of subject matter jurisdiction." (citing *Curry v. United States Bulk Transp., Inc.*, 462 F.3d 536, 539-41 (6th Cir. 2006))). If a district court determines, at any time before the entry of final judgment, that it lacks subject-matter jurisdiction over a removed action, the action must be remanded. 28 U.S.C. § 1447(c); *see Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) ("No court can ignore the defect [in it's jurisdiction]; rather a court, noticing the defect, must raise the matter on its own").

The party removing an action to federal court has the burden of establishing that the district court has jurisdiction. *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989) (holding defendant has the burden of establishing that removal was proper). Removal statutes are narrowly construed because federal courts are courts of limited jurisdiction and because removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit Court of Appeals follows a policy that "all doubts as to the propriety of removal are resolved in favor of remand." *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999)).

Removal of civil actions is authorized by 28 U.S.C. § 1441, and 28 U.S.C. § 1446 contains several procedural requirements for removal. Generally, a defendant may remove a civil lawsuit if the federal court would have original jurisdiction over the lawsuit. 28 U.S.C. § 1441(a). Because all the parties to this lawsuit are Michigan citizens or residents, this Court would not have original jurisdiction under the diversity statute, 28 U.S.C. § 1332. Therefore, for this Court to have original

jurisdiction, the lawsuit must raise a claim under federal law. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441(c)(1)(A). In determining whether a civil lawsuit includes a federal claim, courts look "only to the 'well-pleaded allegations of the complaint and ignore potential defenses' that the defendant may raise." *Skaggs*, 549 F.3d at 474 (quoting *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (en banc)).

The School has not established that this Court has subject-matter jurisdiction. A defendant removing a civil action to federal court must file a notice of removal "containing a short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a). In the Notice, the School concedes that the original complaint did not present a question that would provide federal subject-matter jurisdiction. (Notice ¶ 2.) The School asserts, as its basis for removal, that the Probate Court's "order, granting discovery for the purpose of evaluating the religious adherence of Calvary Christian Schools Inc., to the Baptist Faith Tradition raises a Federal Question pursuant to 28 U.S.C. § 1331 under the First and Fourteenth amendments to the United States Constitution." (Notice ¶ 4.) To be clear, the School contends that the action is removable because an order of the Probate Court partially granting another defendant's motion for reconsideration and authorizing discovery raises federal constitutional concerns. The School has not provided the Court with any authority suggesting that, in a civil lawsuit raising only state-law claims, an order of the state court not involving an amendment to the complaint, somehow raises a federal claim allowing a defendant to remove the action to federal court. This Court has found no such authority. State courts are well-suited to resolve the constitutional concerns the School apparently has about the order. *See Moore v. Sims*, 442 U.S. 415, 430 (1979) ("The price exacted in terms of comity would only be outweighed if state courts were not competent to adjudicate federal constitutional claims - a postulate we have

4

repeatedly and emphatically rejected.") (citation omitted).

    For these reasons, this action is **REMANDED** to the Probate Court for Muskegon County, Michigan. **IT IS SO ORDERED.**


Date: May 20, 2013                                      /s/ Paul L. Maloney
                                                                                   Paul L. Maloney
                                                                                   Chief United States District Judge